

FILED, ENTERED, AND NOTED
IN CIVIL DOCKET
3-13-06

PATRICK E. DUFFY    CLERK

By _____
              Deputy

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>      **Plaintiff,**<br><br>**vs.**<br><br>**THE ESTATE OF KENNETH BEAN and UNKNOWN HEIRS AND DEVISEES OF KENNETH BEAN, SHERRY BEAN, CONSECO FINANCE SERVICING CORPORATION, CONSECO FINANCE, U.S. BANK NATIONAL ASSOCIATION as TRUSTEE FOR THE CONSECO FINANCE HOME LOAN GRANTOR TRUST 2002-A, and ACCUPOST CORPORATION, and MUSSELSHELL COUNTY, a political subdivision of the STATE OF MONTANA,**<br><br>      **Defendant.** | **CV 05-98-BLG-JDS**<br><br><br>**<u>DEFAULT JUDGMENT DECREE OF FORECLOSURE AND ORDER OF SALE</u>** |

This matter having been before the Court by Plaintiff, United States of America, by and through its attorney, Victoria L. Francis, Assistant U.S. Attorney for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.      This court has jurisdiction of this action for the reason that the United States of America is the party plaintiff under 28 U.S.C. § 1345. The real property that is the subject of this foreclosure action is located in the County of Musselshell, State of Montana, and is described as follows:

Lot 1, Block 2, of First Addition to the Townsite of Roundup, Musselshell County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said County.

2.      The United States loaned Kenneth Bean and Sherry R. Bean the sum of $41,000.00 on January 18, 1985. The loan is evidenced by a promissory note dated January 18, 1985.

3.      As security for the above described loan Kenneth Bean and Sherry R. Bean executed a real estate mortgage dated January 18, 1985. The mortgage was filed for record with the Clerk and Recorder of Musselshell County on January 21, 1985, in Book 310 at Page 353, as Document No. 218002.

4.      Defendants Kenneth Bean and Sherry R. Bean, is indebted to the plaintiff for the loan outlined above in the principal amount of $20,535.91, and fees in the amount of $3,787.85 (fees are related to a Litigation Guarantee in the amount of $395.00; Unauthorized Interest Credit - $3,084.60; Reversal of Reamortization -

$308.25) for a total principal amount due of $24,323.76, plus interest computed at the rate of $11.875 per annum for the accrued total amount of accrued interest of $1,503.29 and $22.56 interest on fees as of March 31, 2005, plus 3 percent collection fees authorized by 28 U.S.C. 527 in the amount of $774.34 and credit of $38.32 for escrow real estate taxes and homeowners insurance for a combined total of $26,585.63 as if March 31, 2005. In addition, if the value of the real property exceeds the principal and accrued interest (53,649.87), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the subside repayment agreement dated January 18, 1985. The interest subject to recapture will be ($53,649.87) making a total of $80,235.30 due and owing. Interest continues from March 31, 2005, at the rate of $6.7815 per day until the date of entry of judgment. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961. The debt and amounts due and owing are supported by the Affidavit of Deborah Chorlton attached to the Complaint as Exhibit D.

     5.     Defendants Kenneth Bean and Sherry R. Bean is in default under the terms of the promissory note, and mortgages for failure to make  timely payments. The loan was accelerated on December 20, 2004. This is supported by the affidavit of Deborah Chorlton attached to the Complaint as Exhibit D.

     6.     Defendant Musselshell County, on August 29, 2005 filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure and order of sale. It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is the subject of the foreclosure to the date of sale.

7.     Defendant Sherry R. Bean, was personally served with the Summons and Complaint on September 22, 2005.  The Summons was filed on September 28, 2005. Sherry R. Bean did not make an appearance, her default was entered on January 27, 2006.

8.     Defendant Conseco Financing Servicing Corporation, was personally served with the Summons and Complaint on November 13, 2005.  Conseco Financing Servicing Corporation did not make an appearance, their default was entered on January 27, 2006.

9.     Defendant Conseco Finance, U.S. Bank National Association as Trustee for the Conseco Finance Home Loan Trust 2002-A, was personally served with the Summons and Complaint on November 19, 2005.  Conseco Finance, U.S. Bank National Trustee for the Conseco Finance Home Loan Grantor Trust 2002-A, did not make an appearance, their default was entered on January 27, 2006.

10.    Defendant Accupost Corporation, was mailed the Summons and Complaint by the United States Marshals Office on September 19, 2005, using the form USM-299.  On September 22, the defendant Accupost Corporation acknowledge the receipt of the Summons and Complaint by signing the form USM-299.  Accupost Corporation, did not make an appearance, their default was entered on January 27, 2006.

11.    Pursuant to the court's order filed October 10, 2005, defendants, Kenneth Bean and the Known and Unknown Heirs and Devisees to the Estate of Kenneth Bean, were served by Summon for Publication in the Roundup Record-Tribune & Winnett Times, Roundup, Montana, where Summons for Publication was published once a

week for six consecutive weeks beginning on October 19, 2005. The original Summons for Publication was filed with the Court on December 22, 2005 and the Affidavit of Publication was filed with this court on September 29, 2005. The defendants did not make an appearance, their default was entered on January 27, 2006.

CONCLUSIONS OF LAW

12.    Musselshell County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

13.    The Plaintiff, United States, is entitled to judgment against the Estate of Kenneth Bean and Unknown Heirs and Devisees of Kenneth Bean, Sherry Bean, Conseco Finance Servicing Corporation, Conseco Finance, U.S. Bank National Association as Trustee for the Conseco Finance Home Loan Grantor Trust 2002-A, and Accupost Corporation, for principal in the amount of in the principal amount of $20,535.91, plus fees in the amount of $3,787.85 (fees are related to a Litigation Guarantee in the amount of $395.00; Unauthorized Interest Credit - $3,084.60; Reversal of Reamortization - $308.25) for a total principal amount due of $24,323.76, plus interest computed at the rate of $11.875 per annum for the accrued total amount of accrued interest of $1,503.29 and $22.56 interest on fees as of March 31, 2005, plus 3 percent collection fee authorized by 28 U.S.C. 527 in the amount of $774.34 and credit of $38.32 for escrow real estate taxes and homeowners insurance for a combined total of $26,585.63 as if March 31, 2005. In addition, if the value of the real property exceeds the principal and accrued interest (53,649.87), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the subside repayment agreement dated January 18, 1985. The interest subject to recapture will be

($53,649.87) making a total of $80,235.30 due and owing. Interest continues from March 31, 2005, at the rate of $6.7815 per day until the date of entry of judgment and interest thereafter at the rate allowed by law pursuant to 28 U.S.C. § 1961.

Wherefore, based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     Plaintiff, United States of America, is granted judgment against the Defendants for the principal amount of $20,535.91, plus fees in the amount of $3,787.85 (fees are related to a Litigation Guarantee in the amount of $395.00; Unauthorized Interest Credit - $3,084.60; Reversal of Reamortization - $308.25) for a total principal amount due of $24,323.76, plus interest computed at the rate of $11.875 per annum for the accrued total amount of accrued interest of $1,503.29 and $22.56 interest on fees as of March 31, 2005, plus 3 percent collection fee authorized by 28 U.S.C. 527 in the amount of $774.34 and credit of $38.32 for escrow real estate taxes and homeowners insurance for a combined total of $26,585.63 as if March 31, 2005. In addition, if the value of the real property exceeds the principal and accrued interest (53,649.87), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the subside repayment agreement dated January 18, 1985. The interest subject to recapture will be ($53,649.87) making a total of $80,235.30 due and owing. Interest continues from March 31, 2005, at the rate of $6.7815 per day until the date of entry of judgment. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

2.     Each and all of the material allegations contained in the Plaintiff's Complaint are true and correct.

3.     The real property hereafter described, together with all improvements, tenements, rights, privileges, and appurtenances, is foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court.  The real property is located in Musselshell County, and described as follows:

> Lot 1, Block 2, of First Addition to the Townsite of Roundup,
> Musselshell County, Montana, according to the official plat
> on file in the office of the Clerk and Recorder of said County.

4.     The real property be sold with the right of redemption as provided in Mont. Code Ann. §§ 25-13-801 through 25-13-825 (1993).

5.     The real property be sold in one unit.

6.     If the Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but be in the form of suitable documentary evidence as a debit against the judgment.

7.     At the time of sale of the real property, the U.S. Marshal shall provide a Certificate of Sale to the purchaser, and the purchaser shall be entitled to a deed to the premises so sold as aforesaid at the expiration of one year from the date of the sale, unless the premises are previously redeemed as provided by law.

8.     In the event the Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to the Plaintiff.

9.     The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the sale,

and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

    A.    To Musselshell County, Montana, to satisfy the principal amount of any assessed taxes, to the date of sale.

    B.    To the Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

    C.    Any overplus remaining after the payments to Musselshell County and Plaintiff shall be paid by the United States Marshal for the District of Montana to the Clerk of this Court for further order of the Court.

11.    The Defendant, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of the Plaintiff's mortgage, either by mortgage, judgment, or decree, upon the real property described in the mortgage subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, be forever barred and foreclosed of and from all equity of redemption and claim to the mortgage or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

12.    All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

13.    The real property is located at 623 3rd Street East, Roundup, Montana.

DATED this _1 3 th_ day of _March_, 2006.

CERTIFICATE OF MAILING
DATE: 3/13/06 BY:
I hereby certify that a copy
of this order was mailed to:

C:\Documents and Settings\Leila\Local Settings\Temp\notes6030C8\judgment.wpd

_Jack D. Shanstrom_
JACK D. SHANSTROM
United States District Court Judge

8